IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2005

## STATE OF TENNESSEE v. KERVIN MERCEL COLLINS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-B-1536      Mark J. Fishburn, Judge**

**No. M2004-01995-CCA-R3-CD - Filed January 31, 2006**

DAVID G. HAYES, J., dissenting.

The majority concludes that the trial court committed reversible error by failing to grant a mistrial. I respectfully dissent. The majority opines that trial counsel's overreaching remarks made during his opening statement, informing the jury that it was the victim who first struck the defendant, so tilted the scales of justice as to require the granting of a mistrial for reasons of manifest necessity. *See generally Millbrooks*, 819 S.W.2d at 443; *Zimmerman*, 823 S.W.2d at 226.

Appellate review of a trial court's decision to grant or deny a motion for mistrial must take into account the trial court's greater advantage in assessing the trial proceeding over which the trial judge is presiding. Thus, a motion for mistrial is addressed to the sound discretion of the trial court and is not to be granted except for manifest necessity. *Reid*, 91 S.W.3d at 279. For this reason , an appellate court's review should provide considerable deference to the trial court's ruling in determining whether an occurrence or event at trial has so prejudiced the defendant or the State as to preclude a fair and impartial verdict. *Williams*, 929 S.W.2d at 388. The decision of the trial court is, therefore, reversible only if there has been an abuse of discretion. *Reid*, 91 S.W.3d at 279.

Here, the trial judge heard the erroneous remark made during the opening statement of trial and was able to observe and assess its impact upon the jury once the jury learned the statement was erroneous. Clearly, in this regard, the trial court was in the best position to determine if the jury would be biased by the statement, thus, precluding an impartial verdict.

Trial counsel's erroneous statement that the victim was the first aggressor was but an isolated piece of evidence in an otherwise overwhelming presentation of proof that the defendant was indeed the aggressor. Accordingly, I find that even if trial counsel had not mis-characterized the proof during his opening statement, the outcome at trial would not have been different.

Because I find no abuse of discretion, I would affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE